# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV422-MOC-DSC

| | |
|---|---|
| WALTER L. TURNER, JR., ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social ) <br> Security Administration, ) <br> Defendant. ) <br> _____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #15) and "Memorandum in Support ..." (document #16), both filed November 2, 2012; and Defendant's "Motion for Summary Judgment" (document #19) and "Memorandum in Support ..." (document #20), both filed January 31, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On June 5, 2007, Plaintiff filed an Application for a period of disability, Social Security disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") alleging that he

---

[1]Pursuant to the Pretrial Scheduling Order entered on September 5, 2012, this matter is ripe upon the filing of Defendant's Motion and Memorandum. See Document #14. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply to Social Security appeals.

was unable to work as of January 3, 2007. (Tr. 256-262, 263-265).

Plaintiff's Application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing, which was held on May 5, 2010, August 9, 2010, and November 10, 2010.[2] (Tr. 36-74).

On November 19, 2010, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 7-18). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 13). The ALJ also found that Plaintiff suffered from obesity, hypertension, chronic knee pain, and the residual effects of gunshot wounds to his abdomen and inner thighs, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 13). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[3] to perform light work,[4] but was limited to standing or walking for four- to-six hours in an eight-hour day, sitting for four-to-six hours in an eight-hour day, and was also limited to frequent bending, stooping, crouching, and squatting (Tr. 14). He also needed a single-point cane. Id. Based upon this RFC, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 17).

The ALJ then correctly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified light and sedentary

---

[2] The ALJ adjourned the May 5, 2010 hearing until August 9, 2010 at Plaintiff's request to allow him additional time to locate a representative. (Tr. 77-86). The November 10, 2010 hearing was conducted because a consultative examination was performed on Plaintiff after the August 9, 2010 hearing. (Tr. 26, 473-477).

[3] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

jobs (counter clerk, router, order clerk and document preparer) that the Plaintiff could perform. The V.E. also stated that 2,900 of these jobs existed in North Carolina. (Tr. 17-18). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 18).

By notice dated March 23, 2012, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on July 13, 2012. He assigns error to the ALJ's assessment of his credibility and RFC, and his reliance on the V.E.'s testimony. See Plaintiff's "Memorandum in Support ..." at 4-8 (document #16). The parties' cross- motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

Substantial evidence has been defined as being "more than a scintilla and do[ing]

more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time, as that term of art is defined for Social Security purposes.[5] At the outset, the undersigned finds that the ALJ's RFC determination is adequately supported by Plaintiff's medical records and treatment history, including the findings and opinions of examining physician Dr. Glen Monteiro (Tr. 14-16, 473-477).

Plaintiff cites an evaluation by physical therapist Jeff MacNaughton to support his contention that he cannot engage in more than limited standing or walking. Plaintiff's "Memorandum in Support ..." at 5 (document #16) (citing Tr. 468). The Fourth Circuit has held

---

[5]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)). A physical therapist is not an acceptable medical source. (Tr. 468-469). See 20 C.F.R. § 404.1513(a). "Only 'acceptable medical sources' can be considered treating sources, as defined in 20 CFR [§§] 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight...". Social Security Ruling (SSR) 06-03p. Moreover, the standing and walking limitations Plaintiff highlights from Mr. MacNaughton's evaluation stem from the subjective portion of the evaluation. (Tr. 468) (chief complaint and functional limitations fall under the "SUBJECTIVE" heading and before the "OBJECTIVE" heading). As the Fourth Circuit has held, an ALJ may discount a treating physician opinion that is based entirely on Plaintiff's own subjective reports. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005); Mastro, 270 F.3d at 178. Here, Mr. MacNaughton was neither a physician nor a treating source. The ALJ had even greater leeway to discount the report. Id. The ALJ was not obligated to accept Plaintiff's statements about his standing and walking limitations memorialized in Mr. MacNaughton's evaluation (Tr. 468).

The ALJ correctly adopted the opinion of consultative examining physician Dr. Monteiro. (Tr. 16). Dr. Monteiro opined that due to pain, discomfort, and reduced range of motion in his knees, Plaintiff "should have restrictions to frequent bending, stooping, crouching"

(Tr. 476). The ALJ in turn limited Plaintiff's RFC to frequent bending, stooping, crouching, and squatting. As SSR 83-10 makes clear, "frequent" "means occurring from one-third to two-thirds of the time." Thus, the clear language of Dr. Monteiro's opinion indicates that he thought Plaintiff could not engage in constant or continuous bending, stooping, and crouching, but could do so on a frequent basis. The ALJ adopted this limitation in its entirety. (Tr. 14).

Plaintiff also argues that the ALJ erroneously rejected a treating physician's opinion. However, Plaintiff failed to cite that opinion. Document #16 at 5. In his factual recitation, Plaintiff refers to Transcript page 408 for the proposition that his treating physician declared him "unable to work." Document #16 at 3. A statement from a physician that a claimant is disabled or is unable to work is not considered to be a medical opinion. Rather, it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Such opinions are entitled to no special significance. 20 C.F.R. § 404.1527(d)(3), 416.927(d)(3). See Pascoe v. Astrue, No. 11-226, 2012 WL 3528054, at *3 (W.D.N.C. July 23, 2012) (rec. dec. aff'd Aug. 14, 2012) (quoting SSR 96-5p, 1996 WL 374183). Moreover, there is no evidence that the indecipherable signature affixed to the worksheet entitled "Report of Illness, Incapacity, or Disability" belonged to an acceptable medical source, much less to a medical source who qualifies as a treating physician. 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining acceptable medical sources); 404.1527(a)(2), 416.927(a)(2) (defining medical opinions as opinions from acceptable medical sources). Nor is there evidence that the unidentified individual who signed the form had a treatment relationship with Plaintiff that lasted long enough to implicate the treating source rule. 20 C.F.R. §§ 404.1527(c), 416.927(c) (existence of treatment relationship and length of treatment history relevant to weighing of medical opinion). In short, the "opinion" that Plaintiff was disabled was an opinion on an issue reserved to the Commissioner, and as such, it was entitled to no significant weight, even if it was delivered by a treating physician. 20 C.F.R.

§§ 404.1527(d)(3), 416.927(d)(3); Pascoe, 2012 WL 3528054, at *3. Here, there is no evidence that the opinion was offered by a medical source who had a treatment relationship with Plaintiff. (Tr. 408). Accordingly, the ALJ did not err in disregarding the opinion.

Plaintiff next argues that the ALJ's assessment of his credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's obesity, hypertension, chronic knee pain, and the residual effects of gunshot wounds to his abdomen and inner thighs – which could be expected to produce some of the pain claimed by Plaintiff. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record.

In evaluating Plaintiff's credibility, the ALJ considered Plaintiff's medical history,

laboratory findings, treatment history, and reported daily activities. (Tr. 14-16); 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is not required to discuss each factor, but the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Plaintiff's allegations regarding the severity of his limitations were inconsistent with his minimal treatment history, the minimal objective findings from medical examinations, and with the medical opinion evidence of record. (Tr. 14-16). Plaintiff alleged "intense symptoms" but his treatment was infrequent and generally routine. He rarely sought medication for pain, and discontinued physical therapy after two visits. (Tr. 15). See Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (ALJ can find that a claimant lacks credibility when the alleged level of pain is inconsistent with treatment sought or received). In August 2007, Plaintiff reported "occasional leg pains" (Tr. 397). There is no evidence of medical treatment during 2008 or 2009 (Tr. 405-477). The ALJ was entitled to rely on Plaintiff's infrequent treatment as well as his positive response to treatment in concluding that his allegations were not fully credible. 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv); see also SSR 96-7p ("Important information about symptoms recorded by medical sources and reported in the medical evidence may include... [a] longitudinal record of any treatment and its success or failure...").

Two examining physicians noted relatively benign findings. (Tr. 396-404, 473-477). Upon examination in August 2007, Plaintiff exhibited normal gait, station, weight-bearing, and posture; he had no difficulty tandem walking; no difficulty walking on toes and heels; no difficulty squatting and rising; no difficulty getting on and off the examining table; and he did not need or use an assistive device (Tr. 399). The examining physician opined that he could perform medium

level work (Tr. 403). In September 2010, examining physician Dr. Monteiro opined that Plaintiff could perform light work. (Tr. 476-477). There was minimal evidence, aside from Plaintiff's testimony of disabling pain, that showed any greater functional limitations. The ALJ relied on Dr. Monteiro's opinion and found Plaintiff to be substantially limited, but not disabled. (Tr. 16).

The ALJ properly relied on the opinions of the examining physicians, the inconsistency between Plaintiff's allegations of disabling pain and his scant treatment history and minimal objective examination findings, in concluding that Plaintiff was not as restricted as he alleged (Tr. 14-16). Rogers v. Barnhart, 204 F. Supp. 2d 885, 894 (W.D.N.C. 2002) (evidence of limited medication and efficacy of such medication were inconsistent with claimant's complaints of pain).

Finally, Plaintiff argues that the ALJ erred in finding that he could perform other work existing in significant numbers in the national economy. Document #16 at 8. Plaintiff primarily contends that the hypothetical to the V.E. was improperly based on the RFC discussed above. Since the RFC was supported by substantial evidence, the hypothetical and testimony derived from it are also supported by substantial evidence. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) ("In order for a vocational expert's opinion to be relevant or helpful, ... it must be in response to proper hypothetical questions which fairly set out all of [a] claimant's limitations.").

Similarly, Plaintiff argues that he could not perform the jobs the ALJ relied upon because the general educational development requirements were beyond his level. Although Plaintiff testified that he had not completed high school or a GED, he stated that he completed his GED in 1989 on his Disability Report. This report provides substantial evidence that Plaintiff could perform the jobs identified by the V.E.

Although the medical records establish that Plaintiff experienced pain and medical difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #15) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #19) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.,

**SO RECOMMENDED AND ORDERED**.

Signed: February 11, 2013

David S. Cayer
United States Magistrate Judge