UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00422-MOC-DSC

| | |
|---|---|
| **WALTER L. TURNER JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed and defendant has filed a timely response.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation alongside plaintiff's objections.

## FINDINGS and CONLCUSIONS

### I. First Objection

First, plaintiff contends that the magistrate judge erred in finding that the ALJ properly discounted opinion evidence obtained from plaintiff's physical therapist, Mr. McNaughton. In relevant part, Judge Cayer found, as follows:

> As the Fourth Circuit has held, an ALJ may discount a treating physician opinion that is based entirely on Plaintiff's own subjective reports. Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005); Mastro, 270 F.3d at 178. Here, Mr. MacNaughton was neither a physician nor a treating source. The ALJ had even greater leeway to discount the report. Id. The ALJ was not obligated to accept Plaintiff's statements about his standing and walking limitations memorialized in Mr. MacNaughton's evaluation (Tr. 468).

M&R (#21) at 5. Plaintiff contends that this is incorrect because the physical therapist relied not only on subjective findings, but on objective findings concerning range of motion, atrophy, lessened strength, and pronation. Review of the ALJ's decision, however, reveals that while discounting opinions based on subjective findings, the ALJ in fact considered the physical therapist's opinions based on objective findings. See Administrative Record ("A.R.") at 16. Even where based on objective findings, such opinion merited less consideration as it was not from an acceptable medical source. 20 C.F.R. §§ 404.1513, 416.913. Further, such opinion was of limited utility in determining

2

plaintiff's capacity for gainful activity as the therapist did not offer specific work-related limitations. 20 C.F.R. § 404.1527(a)(2). While plaintiff correctly points out that an ALJ is allowed to consider opinion evidence from a physical therapist as he would opinions given from other lay witnesses, this witness only conducted two physical therapy sessions with plaintiff, which clearly undermines the weight, if any, an ALJ determines to give to the opinion of such a witness. Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (finding that physical therapist's opinion is entitled to significantly less weight because claimant only saw him once and his opinion was contradicted by that of a physician). Plaintiff's has not shown that the ALJ's consideration of such testimony was flawed or unsupported; thus, the court will overrule such objection.

## II. Second Objection

In his second objection, plaintiff contends that the magistrate judge erred in "approving the ALJ's rejection of a treating physician's opinion." Objections (#22) at 1. Judge Cayer determined, as follows:

> A statement from a physician that a claimant is disabled or is unable to work is not considered to be a medical opinion. Rather, it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Such opinions are entitled to no special significance. 20 C.F.R. § 404.1527(d)(3), 416.927(d)(3). See Pascoe v. Astrue, No. 11-226, 2012 WL 3528054, at *3 (W.D.N.C. July 23, 2012) (rec. dec. aff'd Aug. 14, 2012) (quoting SSR 96-5p, 1996 WL 374183). Moreover, there is no evidence that the indecipherable signature affixed to the worksheet entitled "Report of Illness, Incapacity, or Disability" belonged to an acceptable medical source, much less to a medical source who qualifies as a treating physician. 20 C.F.R. §§ 404.1513(a), 416.913(a) (defining acceptable medical sources); 404.1527(a)(2), 416.927(a)(2) (defining medical opinions as opinions from acceptable medical sources). Nor is there evidence that the unidentified individual who signed the form had a treatment relationship with Plaintiff that lasted long enough to implicate the treating source rule.

> 20 C.F.R. §§ 404.1527(c), 416.927(c) (existence of treatment relationship and length of treatment history relevant to weighing of medical opinion). In short, the "opinion" that Plaintiff was disabled was an opinion on an issue reserved to the Commissioner, and as such, it was entitled to no significant weight, even if it was delivered by a treating physician. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3); Pascoe, 2012 WL 3528054, at *3. Here, there is no evidence that the opinion was offered by a medical source who had a treatment relationship with Plaintiff. (Tr. 408). Accordingly, the ALJ did not err in disregarding the opinion.

M&R at 6-7. Plaintiff argues that the ALJ should have considered the opinion as that of a treating hospital or facility. Despite plaintiff's objection, the treating source rule does not include "hospitals" as treating sources, but instead looks to real people: "licensed physicians" and "licensed or certified psychologists." 20 C.F.R. §§ 404.1513, 416.913; see also 20 C.F.R. §§ 404.1527, 416.927; Craig at 590. Such objection is overruled.

### III. Third Objection

In his third objection, plaintiff objects to the magistrate judge's affirmance of the ALJ's determination concerning plaintiff's educational achievement. Here, plaintiff contends that the ALJ erred in finding that he had completed his GED and that the ALJ should have fully credited his testimony that he did not complete the ninth grade and never earned a GED. Judge Cayer specifically addressed this issue, as follows:

> Although Plaintiff testified that he had not completed high school or a GED, he stated that he completed his GED in 1989 on his Disability Report. This report provides substantial evidence that Plaintiff could perform the jobs identified by the V.E.

M&R at 9. Indeed, the ALJ noted in his decision the incentive for plaintiff to testify that he did not have a GED, as the lack of a GED would have directed a finding of disabled under § 201.09. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.09.

4

In <u>Hatcher v. Secretary</u>, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that:

> it is well settled that: "the ALJ is required to make credibility determinations -- and therefore sometimes make negative determinations -- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This duty of explanation is always an important aspect of the administrative charge, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

<u>Id.</u>, (quoting <u>Hammond v. Heckler</u>, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)). In this case, the ALJ was presented with conflicting evidence as to plaintiff's educational attainment. The ALJ satisfied his obligation under <u>Hatcher</u> by specifically referencing the prior report as well as his determination as to plaintiff's motive to provide conflicting testimony. Plaintiff's objection is, therefore, overruled.

### IV. Fourth Objection

In his fourth objection, plaintiff contends that the ALJ erred in his credibility determination concerning plaintiff's allegations of pain. Specifically, plaintiff contends that the ALJ incorrectly concluded that his minimal treatment history was inconsistent with complaints of disabling pain because the ALJ ignored evidence that suggests his treatment was curtailed based on an inability to pay. This court does not doubt that plaintiff had an inability to pay; however, such does not end the inquiry. Instead, plaintiff must prove not only that he had an inability to pay, but that he attempted to obtain treatment and was denied due to lack of funds. <u>Sizemore v. Astrue</u>, No. 1:11-cv-317-MR-DLH, slip op. at *13 (W.D.N.C. Oct. 5, 2012). In the context of a contention that a person is unable to afford treatment as a reason they did not follow prescribed treatment (which is not in play here), Social Security Ruling 82-59 discusses "justifiable cause for failure to follow prescribed treatment," which in turn provides guidance on

the inability to afford treatment:

> The individual is unable to afford prescribed treatment which he or she is willing to accept, but for which free community resources are unavailable. Although a free or subsidized source of treatment is often available, the claim may be allowed when such treatment is not reasonably available in the local community. All possible resources (e.g., clinics, charitable and public assistance agencies, etc.) must be explored. Contacts with such resources and the plaintiff's financial circumstances must be documented.

S.S.R. 82 59, at 5. In Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1984), the appellate court upheld the ruling's requirement that a plaintiff show he or she has exhausted all sources of free or subsidized treatment and document his or her financial circumstances before a plaintiff can show good cause for failing to comply with prescribed treatment. Id. While the court accepts plaintiff's contention that he could not afford care, he failed to present any evidence that he was turned away from treatment by any physician due to an inability to pay or that his applications for free or subsidized care were rejected by social welfare agencies or other organizations.

Putting aside the lack of treatment, the ALJ also opined that objective evidence did not support plaintiff's self-reported symptoms, and that multiple physicians found plaintiff not disabled. A.R. at 16. The ALJ also concluded that plaintiff's testimony concerning subjective complaints of pain was not credible when viewed in light of his own testimony concerning daily activities. Id. The ALJ clearly did not rely only on the absence of objective medical proof of disabling pain, rather, after reviewing the medical evidence, he considered plaintiff's daily activities. Such consideration of daily activities is precisely the type of evaluation required under current case law. In considering an almost identical method of evaluating pain in Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994), Honorable K. K. Hall, Circuit Judge, in announcing and concurring in the judgment of the Court of Appeals for the Fourth Circuit, held:

> This refreshing mode of analysis is precisely what I believe our cases have been striving for. The only fair manner to weigh a subjective complaint of pain is to

examine how the pain affects the routine of life.

Id. at 927. In accordance with Mickles, the ALJ properly discredited plaintiff's subjective complaints of pain. Substantial evidence supports the ALJ's determinations. The fourth objection is, therefore, overruled.

**V.      Fifth Objection**

In his fifth objection, plaintiff contends that the magistrate judge failed to consider various "non-exertional limitations." Such *de novo* review of the evidence is not the function of the magistrate judge or this court in considering an appeal; instead, this court considers whether the final decision of the Commissioner is supported by substantial evidence. Judge Cayer recognized such limited role, and held that

> [a]lthough the medical records establish that Plaintiff experienced pain and medical difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.
> Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

M&R at 9-10. Even if this court were to interpret such objection as ascribing error to the ALJ's failure to consider the impairments plaintiff lists as severe, such an argument would be directed to error at Step Two of the sequential evaluation process and, therefore, harmless as the ALJ proceeded to Step Four because all impairments are considered in formulating the RFC, whether severe or not. 20 C.F.R. § 404.1545(a)(2); Stacey v. Astrue, No. 09-181, 2011 WL 841356 at *3 (W.D.N.C. Jan. 28, 2011), adopted, 2011 WL 873463 (W.D.N.C. Mar. 7, 2011). The fifth objection is overruled.

7

**CONCLUSION**

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith as the decision of the ALJ is supported by substantial evidence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections (#22) are **OVERRULED**, the Memorandum and Recommendation (#21) is **AFFIRMED,** the final decision of the Commissioner is **AFFIRMED**, and this matter is dismissed.

Signed: March 21, 2013

Max O. Cogburn Jr.
United States District Judge